**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Midkiff,<br><br>    Plaintiff,<br><br>vs.<br><br>Jo Anne B. Barnhart, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CIV-05-1562-PHX-JAT<br><br>**ORDER** |

Pending before the Court are the Plaintiff's Motion for Summary Judgment (doc. 9) and the Defendant's Cross-Motion for Summary Judgment (doc. 13). The Court now rules on the motions.

I. BACKGROUND

On October 6, 1988, the Plaintiff applied for disability insurance benefits alleging disability resulting from injuries to his back. His application was denied initially and on reconsideration. On September 30, 1989, a request for a hearing was dismissed on the ground that the Plaintiff "withdrew" his application. The Plaintiff contends that he did not intend to withdraw his request for a hearing and that he does not understand what happened to his claim.

In January of 1990, the Plaintiff applied for retirement benefits. The Plaintiff alleges that he was disabled at this point in time but that when he inquired about disability benefits,

1    a Social Security Administration employee told him that he was not eligible because his
2    disability was not severe enough. The Plaintiff contends that because of this misinformation
3    he only applied for early retirement benefits.

4        On December 4, 2001, the Plaintiff again applied for disability insurance benefits
5    alleging disability resulting from injuries to his back. The Plaintiff alleged a disability onset
6    date of July 1, 1990. The Plaintiff's claim was denied on December 15, 2001. The Plaintiff
7    did not appeal the determination.

8        On September 27, 2002, the Plaintiff applied for disability insurance benefits a third
9    time alleging disability resulting from injuries to his back. The Plaintiff again alleged a
10   disability onset date of July 1, 1990. The Plaintiff, born on January 23, 1928, was over 65
11   years old at the time he filed the application. The Plaintiff's claim was denied on October 23,
12   2002. The Plaintiff filed a request for reconsideration and request for administrative hearing.

13       On June 27, 2003, The administrative law judge ("ALJ") dismissed the Plaintiff's
14   request for a hearing after holding that the Plaintiff's disability application had been filed
15   more than 12 months after the latest point that disability could be established.

16       On July 28, 2003, the Plaintiff appealed to the Appeals Council. The Plaintiff alleged
17   that when he filed his 1990 application for retirement benefits he expressed an intent to apply
18   for disability benefits but was given misinformation that mistakenly led him to believe that
19   he was not eligible.

20       On September 8, 2003, the Appeals Council issued a "Notice of Order of Appeals
21   Council Remanding Case to Administrative Law Judge." The Appeals Council held that the
22   ALJ did not have authority to dismiss the request for a hearing under 20 C.F.R. § 404.957
23   because the Plaintiff had raised substantive issues that needed to be addressed by the ALJ
24   before the Plaintiff's entitlement to disability could be determined.

25       Specifically, the Appeals Council found that Social Security Administration records
26   indicated that following the denial of the Plaintiff's 1988 disability application, a request for
27   a hearing was dismissed following the claimant's request for withdrawal. The Plaintiff,
28   however, claims that he never intended to withdraw his application, and does not know what

1 happened to his application. The Appeals Council questioned whether the Plaintiff had the mental capacity to understand the appeal procedures. The Appeals Council also felt that there was an unresolved question regarding the Plaintiff's intent to file for disability in January of 1990, when the Plaintiff applied for early retirement benefits.

Accordingly, the Appeals Council remanded the case and ordered the ALJ to: (1) determine whether the Plaintiff lacked the mental capacity to understand the procedures for requesting appeal under Social Security Ruling 91-5p; (2) attempt to "associate" the claim file for the retirement application and other disability applications; (3) establish whether there is an unresolved statement of intent by the Plaintiff to file a disability application dating back to the month that the Plaintiff filed his application for early retirement benefits; (4) provide the Plaintiff with the opportunity for a hearing; and (5) issue a decision on remand.

An administrative hearing was held on January 11, 2005. On March 3, 2005, the ALJ issued his Decision on Remand denying benefits based on findings that (1) the Plaintiff did not have a mental impairment; (2) the Plaintiff "simply waited too long," to make the argument that he had intended to file for disability back in 1990 when he applied for retirement benefits but was misled by a Social Security Administration employee; and (3) the Plaintiff's current application was untimely.

The Plaintiff filed a request for review with the Appeals Council on March 21, 2005. The ALJ's decision became the final decision of the Commissioner of Social Security for purposes of judicial review on April 29, 2005, when the Appeals Council declined to review the ALJ's Decision on Remand.

On May 25, 2005, the Plaintiff filed this action seeking judicial review of the Commissioner of Social Security's denial of benefits.

II.  LEGAL STANDARD AND ANALYSIS

Because the Social Security Act confines the scope of judicial review to evidence within the administrative record, the Court will treat the Plaintiff's Motion for Summary Judgment as a motion for reversal of the Commissioner's decision and the Defendant's Cross-Motion for Summary Judgment as a motion for affirmance. 42 U.S.C. § 405; *Higgins*

- 3 -

*v. Shalala*, 876 F. Supp. 1224, 1226 (D. Utah 1994) (collecting cases and discussing the appropriate treatment of summary judgment motions requesting review of administrative decisions). Concerning such motions, the appropriate standard of review is whether the ALJ's findings of fact are supported by substantial evidence and whether the denial of benefits was free from legal error. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

Substantial evidence is relevant evidence that a reasonable mind "might accept as adequate to support a conclusion." *Smolen*, 80 F.3d at 1457 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989) (internal citations and quotations omitted). To determine whether an administrative decision is supported by substantial evidence, the court must "review the administrative record as a whole, weighing both the evidence that supports and detracts from the [ALJ]'s conclusion." *Magallanes,* 881 F.2d at 750 (internal citations omitted). If the evidence can support either affirming or reversing the ALJ's decision, the court must uphold the decision. *Moncada v. Chater,* 60 F.3d 521. 523 (9th Cir. 1995).

Here, the Appeals Council specifically ordered the ALJ to make two determinations following the opportunity for a hearing. Those determinations are: (1) did the Plaintiff lack the mental capacity to understand the procedures for requesting appeal under the applicable Social Security Regulations; and (2) was there a statement of intent to file for disability at the time that the Plaintiff filed for retirement benefits. As set forth below, these findings are central to resolution of the Plaintiff's claim to entitlement to disability benefits.

The Plaintiff, born on January 23, 1928, turned 65 on January 23, 1993. According to 20 C.F.R. § 404.321(c)(1), a claimant's period of disability ends the month before the claimant reaches retirement age. Full retirement age for claimants born before January 02, 1938 is 65 years old. 20 C.F.R. § 404.409. Therefore, the Plaintiff's period of disability ended in December of 1992.

A claimant is required to file for disability benefits either: (1) while disabled; (2) no later than 12 months after the claimant's period of disability ends; or (3) no later than 36

- 4 -

months after the claimant's period of disability ends if unable to apply within the 12 month period due to a physical or mental condition. 20 C.F.R. § 404.320(b)(3). However, in cases where misinformation was provided to a claimant who inquired about applying for disability benefits, the filing date of the application is "deemed" to be the later date of: (1) the date in which the misinformation was provided; or (2) the date on which the claimant met all of the requirements for entitlements to such benefits. 20 C.F.R. § 404.633.

Thus, the determination of whether or not the Plaintiff in this case is entitled to disability benefits depends upon whether he had the mental capacity to understand the application process that resulted in the withdrawal of his 1988 disability application, as well as whether he intended to apply for disability benefits in 1990 but failed to do so because of misinformation provided by a Social Security Administration employee.

After reviewing the record and the parties briefs, the Court finds that the ALJ's holding that the Plaintiff is not entitled to disability benefits based on his 1988 application is supported by substantial evidence and free from legal error. The ALJ held that the Plaintiff was not eligible based upon the 1988 application after finding that the Plaintiff worked during the relevant time frame. This finding is supported by the Plaintiff's own testimony that he worked as an auto-mechanic until 1990. (Tr. 119).

The ALJ held that when the Plaintiff filed his application for benefits, "it appears he had only a physical impairment or impairments, and there is no indication of a mental impairment" and that "[at] worst, the [Plaintiff] did not understand the disability application process." (Tr. 17). In reviewing the record the Court finds that neither the Plaintiff's attorney nor the ALJ asked questions at the hearing regarding the Plaintiff's mental capacity. However, it appears from the transcript of the proceedings that the Plaintiff was able to understand and answer the questions that were asked of him. (Tr. 105-130). Additionally, the Plaintiff's medical records only discuss physical impairments and do not even raise the suggestion that the Plaintiff had any mental impairments during the relevant time frame. (Tr. 59-102). Accordingly, the Court holds that the ALJ's findings of fact with respect to the Plaintiff's mental capacity are supported by substantial evidence.

1 The Court is troubled, however, with respect to the ALJ's lack of discussion and 2 failure to include any findings of fact with respect to the Appeal Council's Order that the ALJ 3 "attempt to associate the claim file for the retirement application and previous disability 4 applications, in order to establish whether there is an unresolved statement of intent to file 5 a disability application dating back to the month Mr. Midkiff filed his retirement 6 application." (Tr. 28). For reasons set forth below, the Court determines that the the ALJ 7 failed to comply with 42 U.S.C.A. § 405 or 20 C.F.R. § 404.977(b).

8 Social Security Regulations provide that "[a]ny decision by the Commissioner of 9 Social Security which involves a determination of disability and which is in whole or in part 10 unfavorable to such individual ***shall contain a statement of the case***, in understandable 11 language, setting forth a discussion of the evidence, and ***stating the Commissioner's*** 12 ***determination and the reason or reasons upon which it is based***." 42 U.S.C.A. § 405 13 (emphasis added). The ALJ stated in his Decision on Remand that "an attempt by his staff 14 to associate files did not produce any new information." (Tr. 17). Regardless of whether any 15 new information was obtained, the ALJ was still required to evaluate the evidence that was 16 available to him and, pursuant to the Appeal Council's Order, come to a conclusion about 17 whether or not the Plaintiff had an intent to apply for disability benefits dating back to the 18 time he applied for retirement benefits. The Court does not see any such discussion or 19 findings in the ALJ's Decision on Remand.

20 The Defendant's Cross-Motion for Summary Judgment sets forth a lengthy discussion 21 of the evidence and rationalizes how, based on the evidence in the record, the ALJ might 22 have come to the conclusion that the Plaintiff did not have an intent to apply for disability 23 benefits when he applied for retirement benefits. However, reviewing courts cannot accept 24 *post hoc* rationalizations for agency action. *See, e.g., NLRB v. Metro. Life Ins. Co.,* 380 U.S. 25 438, 441, 85 S.Ct. 1061, 1063 (1965); *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2001). 26 An ALJ's decision must be upheld, if at all, on the grounds articulated in his order. *Pinto,* 27 249 F.3d at 847.

28

- 6 -

1    Here, the ALJ found that "there is no indication of a relevant filing reasonably close
2 in time to the date last insured." (Tr. 18). He also found that "no relief can be obtained by
3 the filing of the current application." (Tr. 18). These findings only speak to the timeliness
4 of the Plaintiff's current application for disability. The only discussion with respect to the
5 Plaintiff's 1990 application for retirement benefits is that the Plaintiff "waited too long." (Tr.
6 17). This conclusion sidesteps the substantive question that the Appeals Council asked the
7 ALJ to determine – whether the Plaintiff **expressed an intent to apply for disability**
8 **benefits when he applied for early retirement** but was discouraged from doing so because
9 he was provided with misinformation by a Social Security Administration employee.

10    20 C.F.R. § 404.977 provides that when a case is remanded by the Appeals Council,
11 "[t]he administrative law judge *shall* take any action that is ordered by the Appeals Council."
12 (emphasis added). The Appeals Council's Remand Order required the ALJ to resolve the
13 question of the Plaintiff's intent to apply for disability benefits in 1990. However, the ALJ
14 did not make any findings as to the Plaintiff's intent to apply for disability benefits at the time
15 he applied for retirement benefits. In fact, the only discussion of the evidence that is relevant
16 to this issue is the ALJ's brief statement that the Plaintiff testified at a hearing on January 11,
17 2005, that he did not file a disability application prior to December 4, 2001, because "an
18 employee of the Social Security Administration had discouraged him to do so." (Tr. 17).

19    A review of the record shows that the Plaintiff did testify on January 11, 2005, that
20 his intent was to apply for disability benefits (Tr. 116), but that after talking to a Social
21 Security Administration employee, he was told that he "couldn't get disability , because [he]
22 had to be so crippled [he] couldn't even walk." (Tr. 115-116, 117). Therefore, he instead
23 applied for early retirement. (Tr. 117). The record also reflects that the Plaintiff had a prior
24 written statement in 2003 where he wrote, "I did ask if I could file for S.S. disability when
25 I filed for social security 13 years ago when I was 62 years old. The office worker said no -
26 he said I would have to be unable to walk at all." (Tr. 41- 42). The administrative record also
27 contains evidence of a notation made in the electronic records of the Social Security
28 Administration regarding the Plaintiff's 1990 claim for retirement benefits. (Tr. 55). The

- 7 -

1  notation indicates that at the time the Plaintiff applied for benefits he stated to a Social
2  Security Administration employee that he believed that he was disabled, but wrote remarks
3  above his signature indicating that he is not applying for disability benefits because he didn't
4  want to go through the hassle. (Tr. 55).    There is no discussion of this evidence and how it
5  bears on the question of whether or not the Plaintiff intended to apply for disability benefits
6  at the same time that he applied for retirement benefits.  The only evidence the ALJ cites to
7  is the Plaintiff's testimony that he did intend to apply for disability benefits at the time he
8  applied for retirement benefits but was discouraged by a Social Security Administration
9  employee.  (Tr. 17).  And his entire analysis with respect to this issue consists of the
10 statement that, "after 12 years, the claimant has simply waited too long to make this
11 argument."  (Tr. 17-18).  The Ninth Circuit requires that the ALJ discuss and evaluate the
12 evidence that supports his or her conclusions. *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir.
13 2001); *Marcia,* 900 F.2d at 176.

14         Moreover, the determination that the Plaintiff is not entitle to relief in this case cannot
15 be made without first discussing the available evidence and making the required findings of
16 fact with respect to the Plaintiff's alleged intent to apply for disability benefits but for
17 misinformation provided by a Social Security Administration employee.  *See* 20 U.S.C. §
18 404.633(b) (deeming a claimant's filing date the date the claimant inquired about disability
19 benefits but was provided with misinformation).

20         Even if evidence in the record supports the ultimate result that the ALJ's reached, this
21 Court can still reverse the decision if the ALJ committed an error of law. *See, e.g., Hauser*
22 *v. Chater,* 963 F.Supp. 797, 800 (E.D. Wis. 1997) (citing *Pugh v. Bowen,* 870 F.2d 1271,
23 1274 (7th Cir.1989).  Because the ALJ issued an unfavorable decision, but did not set forth
24 any discussion of the evidence or findings of fact resolving the issue of whether the Plaintiff's
25 expressed an intent to apply for disability benefits in 1990, but was provided with
26 misinformation by the Social Security Administration, this Court cannot say that the ALJ's
27 decision to deny benefits complied with the Remand Order complied with the applicable
28 Social Security Regulations and is free from legal error.

- 8 -

Accordingly, the March 03, 2005, Decision on Remand is affirmed to the extent that it holds: (1) the Plaintiff is not entitled to disability based on his 1988 application; and (2) the Plaintiff had the mental capacity to understand the appeals process during the relevant time frame. However, the Decision on Remand is vacated to the extent that it holds that the Plaintiff is not entitled to disability benefits based on his 1990 application for retirement benefits.

On remand, the ALJ shall, as ordered by the Appeals Council, attempt to associate the claim file for the retirement application and previous disability applications in order to establish whether there is an unresolved statement of intent to file a disability application dating back to the month that the Plaintiff filed his retirement application. The ALJ shall, in a written order, discuss the available evidence that is relevant to this issue. If the only relevant evidence available to resolve the question of the Plaintiff's intent is the Plaintiff's own testimony, the ALJ shall determine whether or not there are permissible reasons for rejecting the Plaintiff's testimony. If there are, the reasons must be articulated in appropriate findings of fact and citation to the relevant evidence. Finally, the ALJ shall address whether, given his or her findings, 20 C.F.R. § 404.633 applies in this case.

/ / /

1  IT IS ORDERED the Decision on Remand of the Commissioner of Social Security is affirmed in part and vacated in part, and this case is remanded to the Social Security Administration for further proceedings consistent with this Order.

IT IS FURTHER ORDERED the Plaintiff's Motion for Summary Judgment is granted in part and denied in part consistent with this Order (doc. 9).

IT IS FURTHER ORDERED the Defendant's Cross Motion for Summary Judgment is granted in part and denied in part consistent with this Order (doc. 12).

DATED this 17th day of February, 2006.

James A. Teilborg
United States District Judge